

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN       AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. O. Walton, President
A. & M. College of Texas
College Station, Texas

Dear Dr. Walton:       Opinion No. O-2417
                Re: Authority of the Board
                      of A. & M. College to
                      sell unneeded real pro-
                      perty standing in the
                      name of the College.

       This will acknowledge receipt of your letter of June 8, 1940, as follows:

       "About fifteen years ago the College acquired title to a house and lot in Bryan, Texas in a settlement that was made by Mr. Chas. Felker in connection with a shortage in Mr. Felker's accounts while he was in the employ of the College. The property was first deeded to a trustee and later title was conveyed to the College by the trustee.

       "It is the desire of the Board of Directors of the College to sell the property and I have been requested to obtain a ruling from your office as to the procedure we should follow in selling this property. The questions we would like to have specifically answered are:

       "1. Does the Board have authority to sell this property and transfer title?

       "2. Does a resolution by the Board of Directors authorizing the sale of the property, enable the President of the Board or its properly designated representative to convey title to this property to the purchasers?"

The property acquired in the manner stated by you is public property -- that is, it belongs to the State -- perhaps for the use and benefit of the Agricultural & Mechanical College, and a conveyance thereof must in any event be made in some manner authorized by the Legislature. No one is authorized to make such a conveyance in the absence of such authority.

There are statutes, of course, authorizing the Land Commissioner to execute instruments of conveyance, lease and the like, but these pertain to the public domain, and there is nothing in such statutes that would apply to the case under consideration.

Article 666 of the Revised Civil Statutes of Texas authorizes the Board of Control to convey certain property belonging to the State or State institutions or departments, but this Article contemplates only such property as is located in the City of Austin.

So, also, by Article 4403, Revised Civil Statutes, the Attorney General is authorized in the name of the State to execute a deed of conveyance to property previously purchased by the State at tax-foreclosure sale.

Moreover, there are provisions for redemption from tax sales to the State, found in Article 7289 of the statutes.

Finally, there is statutory authority for Agricultural & Mechanical College to sell its forest lands under certain circumstances. (Vernon's Civ. Stat. Art. 2613a-2)

We find no statutory authority, however, for anyone to execute such a deed as your situation demands.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          /s/  Ocie Speer
                 Ocie Speer
OS-MR;mjs                 Assistant

APPROVED JUNE 24, 1940

/s/ Gerald C. Mann                      APPROVED
                                        OPINION
ATTORNEY GENERAL OF TEXAS               COMMITTEE
                                        BY  BWB
                                        Chairman